UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DENNIS COFFELT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:10-CV-69 |
| | ) | |
| | ) | |
| | ) | Chief Judge Curtis L. Collier |
| AMERICAN FROZEN FOODS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Before the Court is a motion to dismiss and supporting memorandum filed by Defendant American Frozen Foods, Inc. ("Defendant") (Court File Nos. 12, 13). Plaintiff Dennis Coffelt ("Plaintiff") filed a filed a response in opposition (Court File No. 16), to which Defendant replied (Court File No. 17). Defendant seeks dismissal of this action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, claiming the action is barred by judicial estoppel. For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 12).

**I.     RELEVANT FACTS**

Plaintiff worked as a driver for Defendant from June 1987 until he was terminated in March 2009, for allegedly refusing to remain silent or participate in illegal activities of the defendant. Plaintiff claims Defendant often forced drivers to drive illegally by exceeding legal hourly limits in violation of Tennessee Department of Transportation and National Highway Traffic Safety Administration regulations. Plaintiff's complaint was originally filed in the Circuit Court of Hamilton County, Tennessee on February 11, 2010 (amended March 5, 2010), and removed to this

Court on March 31, 2010 (Court File No. 1). Plaintiff demands $65,000.00 in damages, plus costs, attorney's fees, interest, and other further relief deemed proper and reasonable (*id.* p. 7).

On November 3, 2009, prior to filing the instant case, Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee (Court File No. 12-1). Plaintiff did not include his claims for damages against Defendant on Schedule B of his bankruptcy petition under "contingent and unliquidated claims of every nature" (*id.* p. 5). In his response to the motion, Plaintiff "does not affirmatively deny that his bankruptcy attorney failed to advise him that he needed to include potential lawsuits in his petition" and "avers that he would have included this lawsuit had he comprehended that such was necessary" (Court File No. 16, pp. 2 -3 nn. 1 & 2). On December 23, 2009, Plaintiff's Chapter 13 plan was approved by the Bankruptcy court and Plaintiff was ordered to pay the Trustee $665 every two weeks and agreed to pay unsecured creditors 10% of amounts owed (Court File No. 12-2).

Defendant filed the instant motion to dismiss on August 3, 2010, arguing Plaintiff is judicially estopped from asserting claims against Defendant because he failed to inform the Bankruptcy court of such claims. Plaintiff requested an extension of time to respond to Defendant's motion (Court File No. 14), and on September 1, 2010, Plaintiff filed amended Schedules B and C to his bankruptcy petition to include the instant claim against Defendant (Court File No. 16-1 at pp. 3, 5, 7). Plaintiff responded to Defendant's motion on September 14, 2010, and attached copies of his filed amendments (Court File No. 16, Exhibit 1).

II. **STANDARD OF REVIEW**

Defendant moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). A court

2

considers a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007). Although both parties have relied on documents outside the pleadings, the Court concludes these do not convert Defendant's motion for judgment on the pleadings to one for summary judgment pursuant to Fed. R. Civ. P. 12(d). The copies of Plaintiff's bankruptcy petition and amendments are matters of public record and therefore the Court's taking of judicial notice of the bankruptcy filings do not convert this motion into one for summary judgment. *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997); *Signature Combs, Inc. v. United States*, 253 F. Supp.2d 1028, 1041 n.5 (W.D. Tenn. 2003).[1]

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately

---

[1] Plaintiff also provided a two-page affidavit to which the amended bankruptcy amendments were attached. However, this affidavit is excluded because the Court may resolve the matter referencing only the pleadings and documents filed in connection to Plaintiff's bankruptcy proceeding.

prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. <u>ANALYSIS</u>

Defendant claims Plaintiff is judicially estopped from raising the instant claims because he failed to disclose them to the Bankruptcy court when he filed his petition. Plaintiff claims the omission was inadvertent and he did not intend to mislead or deceive the bankruptcy court.

Judicial estoppel is an equitable doctrine that "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding where (2) the prior court adopted the contrary position 'either as a matter or as part of a final disposition.'" *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, LLP*, 546 F.3d 752, 757 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)) (internal quotation marks omitted). This doctrine "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning*, 283 F.3d at 776 (citing *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). Although there is "no set formula for assessing when judicial estoppel should apply," *In re Commonwealth Inst. Sec.,* 394 F.3d 401, 406 (6th Cir. 2005), at a minimum, "a party's later position must be clearly inconsistent with its earlier position for judicial

estoppel to apply." *Lorillard Tobacco*, 546 F.3d at 757 (internal citations omitted).

Here, Plaintiff undisputedly failed to include his potential claim against the defendant at the time he completed his bankruptcy petition under oath despite being under an affirmative duty to disclose all assets under 11 U.S.C. § 521. The Sixth Circuit has determined failure to disclose an asset in a prior bankruptcy proceeding is sufficient to justify a finding of judicial estoppel. *Browning*, 283 F.3d at 775; *Reynolds v. C.I.R.*, 861 F.2d 469, 474 (6th Cir. 1988). A cause of action is an asset, which must be scheduled under § 521(a)(1), *see Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004), and the "duty of disclosure is a continuing one," thus "a debtor is required to disclose all potential causes `of action." *Paris v. Sansom*, No. 1:06-cv-98, 2007 WL 1345368 at * 6 (E.D. Tenn. May 7, 2007). Therefore, Plaintiff's commencing the instant action is contrary to the position he took in his sworn filings to the bankruptcy court. *See Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005)(finding "pursuit of [plaintiff's] current discrimination action is without question contrary to her sworn bankruptcy petition" where plaintiff swore "no contingent and unliquidated claims").

Plaintiff does not dispute the bankruptcy court adopted the prior position as part of a final disposition when it entered the order approving Plaintiff's Chapter 13 repayment plan on December 13, 2009. *Id.*; *Reynolds,* 861 F.2d at 473 ("when a bankruptcy court-which must protect the interests of all creditors-approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position"). Thus, Defendant has established Plaintiff's contrary position and the bankruptcy court's adoption.

The Court does not necessarily end its inquiry here. The doctrine of judicial estoppel

5

"should be applied with caution to avoid impinging on the truth-seeking function of the court." *Eubanks*, 385 F.3d at 897. The Sixth Circuit has held "absence of bad faith" is another factor to be considered in determining whether to apply the doctrine of judicial estoppel. *Id.* at 895. Where conduct is nothing more than mistake or inadvertence, judicial estoppel is inappropriate. *Browning*, 283 F.3d at 776. A debtor's failure to disclose might be deemed inadvertent in circumstances where: "(1) the debtor lacks knowledge of the factual basis of the undisclosed claims, and (2) where the debtor has no motive for concealment." *White v. Wyndham Vacation Ownership, Inc.*, --- F.3d ---, 2010 WL 3155161 at * 3 (6th Cir. 2010) (internal citations omitted).

Plaintiff had not filed the instant complaint at the time his bankruptcy petition was filed, however, the factual basis of Plaintiff's claims was known at the time of the Chapter 13 filing. Plaintiff's undisclosed claim stems from his alleged termination in retaliation for voicing concerns over hourly limit regulations, events which all occurred in and around March 2009, at least seven months prior to the bankruptcy filing. It also cannot be said Plaintiff had no motive for concealment as "it is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis*, 141 F. App'x at 426. If Plaintiff's retaliation claim "became a part of [his] bankruptcy estate, then the proceeds from it could go towards paying [] creditors, rather than simply to paying" him. *White*, 2010 WL 3155161 at * 5.

Plaintiff relies on the *Eubanks* and *Aziz v. Dollar Tree Stores, Inc.*, 2005 WL 2290593 (E.D. Tenn. Sept. 20, 2005) decisions to argue his inadvertence and good faith should preclude the application of judicial estoppel. However, Plaintiff's amendment to his bankruptcy petition in response to Defendant's motion to dismiss is distinguishable from the facts presented in the *Eubanks* and *Aziz* cases.

In *Eubanks*, despite initially omitting the potential civil claim from the bankruptcy schedule, the plaintiff took multiple affirmative steps to amend the bankruptcy petition before the bankruptcy action was closed. *Eubanks*, 385 F.3d at 898-99. These included: (1) notifying the bankruptcy trustee of the claim during a meeting of the creditors one month after the petition was filed; (2) asking the trustee on multiple occasions over several months whether he intended to pursue the claim on behalf of the estate; (3) requesting the bankruptcy court to hold a status conference on the issue of the claim; (4) unsuccessfully moving to allow the trustee to be substituted for themselves in the action after the action was filed and after the trustee refused to abandon the claim in the bankruptcy proceeding; and (5) filing an amendment to their original bankruptcy petition to add the claim to their bankruptcy schedules after the defendant filed a motion to dismiss on the basis of judicial estoppel. *Id.* at 895-97. Thus the court found "there is record evidence in the instant case that Plaintiffs made the court, and the Trustee, aware of the potential civil claim against Defendant before the bankruptcy action closed" and that "Plaintiffs put the court and the Trustee on notice through correspondence, motions, and status conference requests," which supported "the argument that the claim's omission on the schedules was merely inadvertent." *Id.* at 898.

In *Aziz*, the plaintiff informed his attorney of his pending claims and relied in good faith on his bankruptcy attorney's decision not to include the discrimination claims in his bankruptcy schedule. Less than a month after the plaintiff filed his Chapter 13 petition, his bankruptcy attorney was indicted for bankruptcy fraud and the "criminal history of this particular bankruptcy attorney that has recently come to light" bolstered "Plaintiff's assertion of inadvertence." *Aziz*, 2005 WL 2290593 at * 7. The plaintiff in *Aziz*, when the omission came to light in during his deposition, immediately made efforts to contact his new bankruptcy attorney and amend his bankruptcy filings.

7

The Court distinguished the *Lewis* decision in which the Sixth Circuit rejected a plaintiff's claim of reliance on an attorney's actions "mainly because of the Court's knowledge of the character and history of bankruptcy fraud by Plaintiff's attorney Ms. Clark, which would make holding Plaintiff accountable for her decision not to disclose the instant claims on his filings particularly unjust." *Aziz*, 2005 WL 2290593 at * 7, n.1.

Here, Plaintiff amended his bankruptcy petition in response to a motion to dismiss, which does not rise to the level of the affirmative and substantial attempts made in *Eubanks*. Unlike *Aziz*, he has made no allegation he disclosed his claim and relied upon his attorney's advice to omit it from the schedule. There is also no criminal history or past bankruptcy fraud surrounding Plaintiff's bankruptcy attorney, which was a considerable factor in the Court's decision in the *Aziz* decision. Rather, Plaintiff asserts he would have included the lawsuit had he comprehended it was necessary. This argument is insufficient to show absence of bad faith because the fact Plaintiff was represented by counsel in his bankruptcy proceedings undercuts any possibility Plaintiff's omission was due to lack of understanding the question. *Paris,* 2007 WL 1345368 at * 8; *see also Lewis*, 141 F. App'x at 426 (extending the proposition that a litigant is bound by the errors of his attorney to the doctrine of judicial estoppel, "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.")(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 at 370 (1962)); *White*, 2010 WL 3155161 at * 7-8.

Finally, there was no effort by Plaintiff to amend his bankruptcy petition prior to the filing of the instant motion to dismiss. Because the purpose of judicial estoppel is to prevent cynical gamesmanship, the timing of Plaintiff's effort to amend is significant. *See White*, 2010 WL 3155161

8

at * 5 ("efforts to correct an omission that came before the Defendants filed their motion to dismiss are more important than efforts that came after the Defendants filed their motion to dismiss."). By the time Plaintiff sought to amend his bankruptcy schedule, the bankruptcy court had approved a payment from the bankruptcy estate and confirmed the Chapter 13 plan. The Court concludes to now "consider favorably" Plaintiff's amendment to his filings in response to a motion to dismiss "would encourage gamesmanship, since [the plaintiff] only fixed [his] filings after the opposing party pointed out that those filings were inaccurate." *Id.* at * 7.

The Court finds Plaintiff, represented by counsel, failed to disclose his pending claims against Defendant to the bankruptcy court and thereafter made no attempt to amend his bankruptcy filings until Defendant filed the instant motion to dismiss. The bankruptcy court adopted Plaintiff's contrary position when it entered an order confirming the Chapter 13 plan. Accordingly, the doctrine of judicial estoppel applies to Plaintiff's claims and he is therefore barred from pursuing the instant action.

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 12).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**